# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **J.B., a minor, by and through his parent and natural guardian Jazmin Gardner**<br>**1204 Larchmont Place**<br>**Mount Laurel, NJ 08084**<br><br>      **Plaintiff**<br><br>vs.<br><br>**Mount Laurel Board of Education**<br>**330 Mount Laurel Road**<br>**Mount Laurel, NJ 08054**<br><br>**Mount Laurel School District**<br>**330 Mount Laurel Road**<br>**Mount Laurel, NJ 08054**<br><br>**Fleetwood Elementary School**<br>**231 Fleetwood Ave.**<br>**Mount Laurel, NJ 08054**<br><br>**James B. DeSimone**<br>**330 Mount Laurel Road**<br>**Mount Laurel, NJ 08054**<br><br>**Dylan Barlow**<br>**814 Braddock Terrace**<br>**Mount Laurel, NJ 08054**<br><br>**John Does (I-III)**<br>**Jane Does (I-III)**<br><br>      **Defendants** | <br><br><br><br><br><br><br><br><br><br>**Civil Action Law**<br><br><br><br><br>**Jury Trial Demanded**<br><br>**NO.** |

## COMPLAINT

Plaintiff, J.B., by and through his parent and natural guardian, Jazmin Gardner, brings this Complaint against Defendants Mount Lauren Board of Education, Mount Laurel School District, Fleetwood Elementary School, James DeSimone, Dylan Barlow, and John Does (I-III), as follows:

## PRELIMINARY STATEMENT

1. This is an action for civil redress and monetary relief to redress federal constitutional violations and state law violations perpetrated by the Defendants on six year old, J.B., a special needs student, who was physically assaulted in violation of his Constitutional Rights by his assigned paraprofessional/one-to-one aid, Defendant Barlow, who has since plead guilty to the charges and has been criminally sentenced for the abuse, which was captured on video surveillance.

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is asserted under the provisions of 28 U.S.C. Sections 1331 and Section 1343.  This action arises under the provisions of the Civil Rights Act of 1866, as amended 42 U.S.C. Section 1983. This Court has supplemental jurisdiction over the state claims asserted herein pursuant to 28 U.S.C. Section 1367.

3. Venue is appropriately laid in this Court pursuant to 28 U.S.C. Section 1391(b) because the Defendants' unlawful acts and omissions giving rise to these claims occurred in Burlington County, which is within the District of New Jersey.

## PARTIES

4. Plaintiff, J.B., is a minor currently residing in the State of New Jersey at 2 Dunlin Court, Swedesboro, New Jersey 08085.

5. Jazmin Gardner is an adult individual and the parent and natural guarding of the minor Plaintiff, J.B., and currently resides in the State of New Jersey at 2 Dunlin Court, Swedesboro, NJ 08085.

6. At all relevant times, the minor Plaintiff J.B. was a kindergarten student at Fleetwood Elementary School, which is part of the Mount Laurel School District.

7. At all times material hereto, J.B. was receiving special education and related services for his specialized needs, which included attention deficit disorder (ADD), attention-deficit/hyperactivity disorder (ADHD), very limited verbalization skills (below a twenty-four month level according to the 2022 evaluation), and an extremely short attention span.

8. In April 2022, while attending a self-contained preschool class at Larchmont Elementary in the Mount Laurel School District, less than a year before this incident, J.B. was evaluated for transitioning to kindergarten to determine his eligibility for special education services as a school aged child.

9. The evaluation J.B. underwent, identified him as someone who becomes irritable quickly and has difficulty maintaining self-control when faced with adversity.

10. The report further identified J.B. has someone who has a tendency to be disruptive, and that he has difficulty socializing, and communicating with others. He was described as having tendencies to get frustrated, upset and angered and has difficulty controlling his moods.

11. Defendants were aware of the foregoing evaluation and of the specialized needs that the J.B. had prior to the day of the incident described herein.

12. At all relevant times, J.B. was assigned a "paraprofessional" at Fleetwood Elementary - Defendant Dylan Barlow, to support him on a one-to-one basis.

13. Defendant Mount Laurel Board of Education, with a principal address of 330 Mount Laurel Road, Mount Laurel, New Jersey, was/is a public school district organized and existing under the laws of the State of New Jersey, in Mount Laurel, Burlington County, New Jersey, that serves students from kindergarten through twelfth grade in its geographic region, including students at Fleetwood Elementary School, and was/is responsible for the supervision and control of all agents, employees, servants, or workers within the Fleetwood Elementary School, including Defendant Barlow.

14. Defendant Mount Laurel School District, with a principal address of 330 Mount Laurel Road, Mount Laurel, New Jersey, was/is a public school district organized and existing under the laws of the State of New Jersey, in Mount Laurel, Burlington County, New Jersey, that serves students from kindergarten through twelfth grade in its geographic region, including students at the Fleetwood Elementary School, and was/is responsible for the supervision and control of all agents, employees, servants, or workers within the Fleetwood Elementary School, including Defendant Barlow.

15. Defendant Fleetwood Elementary School, with a principal address of 231 Fleetwood Avenue, Mount Laurel, New Jersey, was/is an elementary school within, or a part of, the Mount Laurel School District and the Mount Laurel Board of Education, operating under their direction, supervision, and control, and was/is responsible for the supervision and control of all agents, employees, servants, or workers within the Fleetwood Elementary School, including Defendant Barlow.

16. Defendant James DeSimone, who has a business address of 330 Mount Laurel Road, Mount Laurel, New Jersey, at all times material hereto, was the principal of Fleetwood

Elementary School, overseeing the students, teachers, and paraprofessionals working in that school, including Defendant Barlow.

17. Defendant DeSimone is an individual adult citizen of the State of New Jersey, who at all times material hereto was the principal of Fleetwood Elementary School, and was an administrator, supervisor, policymaker, employee and/or agent of Defendants Mount Laurel School District. Defendant DeSimone was an agent, employee, and/or servant of the Mount Laurel School District. Defendant DeSimone is sued in his official and individual capacities.

18. At all times material, Defendant DeSimone was responsible for creating and implementing policies, customs, and procedures for the School District and was responsible for overseeing the staff, including paraprofessionals, and students at Fleetwood Elementary School, including but not limited to Defendant Barlow and J.B.

19. At all times material hereto, Defendant DeSimone was acting under the color of state law.

20. Defendants Mount Lauren Board of Education, Mount Laurel School District, Fleetwood Elementary School, and James DeSimone are hereinafter referred to, at times, as "The School District Defendants".

21. Defendant Dylan Barlow is an adult individual with a residential address of 814 Braddock Terrace, Mount Laurel, New Jersey.

22. At all times material hereto, Defendant Barlow was the paraprofessional assigned to work with the minor Plaintiff J.B., and was an employee, agent, servant, and/or worker

of Defendant Mount Laurel Board of Education and Defendant Mount Laurel School District and Fleetwood Elementary School.

23. At all times material, Defendant Barlow was acting under the color of state law.

24. Defendant John Does I –III, at all times material hereto, were employees, agents, servants, or workers for Defendant Mount Laurel Board of Education, and Defendant Mount Laurel School District, who witnessed the events at issue herein and who failed to react, intervene, stop, or otherwise protect J.B. from the actions of Defendant Barlow, and who were involved in the hiring, assigning, retaining, and supervising of paraprofessionals, including Defendant Barlow.  Plaintiff reserves the right to substitute the names of those agents designated as Doe Defendants when and if such information becomes available.

25. Defendant Jane Does I –III, at all times material hereto, were employees, agents, servants, or workers for Defendant Mount Laurel Board of Education, and Defendant Mount Laurel School District, who witnessed the events at issue herein and who failed to react, intervene, stop, or otherwise protect J.B. from the actions of Defendant Barlow, and who were involved in the hiring, assigning, retaining, and supervising of paraprofessionals, including Defendant Barlow.  Plaintiff reserves the right to substitute the names of those agents designated as Doe Defendants when and if such information becomes available.

26. On or about May 5, 2023, Defendant Barlow and his co-workers Defendants John Doe I-III and Jane Doe I-III were in the Fleetwood Elementary School gymnasium, talking with one another, socializing with one another, and not watching, monitoring,

supervising, or otherwise engaging with their assigned one-to-one students, including J.B., a pattern and practice known to and tolerated by Defendants DeSimmone, Mount Laurel Board of Education, Mount Laurel School District and Fleetwood Elementary School.

27. At the aforesaid date and time, J.B. was on the stage of the gymnasium using toys/equipment made available to him by the Defendants in the open and visible to all staff inside the gymnasium at that time, including Defendant Barlow his assigned one-to-one paraprofessional, who was socializing with other co-workers, distracted from his assigned tasks, and not engaging with his assigned student.

28. Defendant Barlow, while working in the course and scope of his employment, suddenly knowingly, purposefully, and intentionally dragged J.B. across the raised stage of the gymnasium by his feet and dropped him on the floor from that raised stage by his feet, grabbed his arms and threw him on the floor, causing physical injury, and severe and permanent emotional, mental, and psychological injuries to the minor Plaintiff.

29. Defendants John Does I-III and Jane Doe I-III observed the aforementioned assault and did nothing to intervene or report it, indicative of the fact that such behavior by the paraprofessionals was not unusual, was tolerated, and would not be the subject of discipline by Co-Defendants.

30. The aforementioned assault was captured on video surveillance, which video surveillance was eventually turned over to the Burlington County Prosecutor.

31. Defendant Barlow was arrested, prosecuted, and plead guilty to criminal charges stemming from his abuse of J.B.

32. On the day of the incident, Jazmin Gardner was contacted by Defendant Fleetwood Elementary and informed that her son had *fallen* at school while in the gymnasium.

33. J.B suffered physical injury, including head pain, a large hematoma on his forehead, and possible concussion, as a result of the assault by Defendant Barlow, as well as emotional injury and mental distress as discussed more specifically herein.

34. The day after the incident, Defendant DeSimone called Ms. Gardner and indicated an investigation was being opened into the incident.

35. Considering that it was initially reported as a *fall* at the gymnasium, the opening of an investigation did not make sense to Ms. Gardner.

36. It was not until later that the truth of the incident was revealed, the video viewed, and the criminal prosecution started.

37. After the assault by Defendant Barlow, J.B. refused to return to school.

38. After the assault by Defendant Barlow, J.B. refused to be near adults other than his parents for months, and still has issues trusting adult men.

39. This new behavior, refusing to be near other adults, fear of adults, unwillingness to attend school was a drastic change, as evidenced even in the report of the April 2022, evaluation where he was described as being pleasant, walking willingly with the examiner and aide to the testing room, and willing to stay in the testing room with the unfamiliar examiner when the classroom aide left.

40. After this assault, J.B. was changed, his interaction with adults changed, his trust of adults changed, and his demeanor changed.

41. Ms. Gardner had to homeschool Plaintiff J.B. following this incident.

## Count I – 42 U.S.C. Section 1983
## State Created Danger – All Defendants

42. The allegations of all the preceding and subsequent sections and paragraphs of this Complaint are incorporated by reference as if fully set for the herein.

43. Under the 14th Amendment, J.B. had a right to personal security, bodily integrity, and equal protection under the law.

44. At all times material hereto, Defendants were acting under the color of state law. J.B. was a minor child enrolled in the public school at the time of the incident and he was in the care, custody and control of the Defendants when the incident occurred.

45. Defendant Barlow created the subject harm suffered by J.B. in that Defendant Barlow was the actor who physically abused this child in the school setting, during the school day, on school property, and while working in his role as a paraprofessional.

46. Defendants created the subject harm suffered by J.B. by creating an atmosphere where Defendant Barlow felt it was appropriate to inflict bodily harm on his student in the school setting, during the school day, on school property, and while working in his role as a paraprofessional.

47. Defendants created the subject harm suffered by J.B. by creating an atmosphere where the colleagues and/or co-workers present at the time of the abuse were unmoved by Defendant Barlow's actions, failed to react, intervene, come to the aid of the child, or even report the incident to superiors, instead, it is clear form the lack of any reactions whatsoever, that such conduct was considered

appropriate or at least tolerable, i.e. it was acceptable for a paraprofessional to inflict bodily harm on his student in the school setting, during the school day, on school property, and while working in his role as a paraprofessional.

48. As a direct and proximate result of, or by virtue of an affirmative link or causal nexus thereto, the aforesaid acts, omissions, deliberate indifference, systemic deficiencies, policies, practices and customs of Defendants, violated Plaintiffs' rights under the laws and Constitution of the United States, in particular the Fourteenth Amendment thereof, in particular his right to bodily integrity, to be secure in his person, and to due process of law, all to his great detriment and loss.

49. As a direct and proximate result of the Defendants' violation of Plaintiffs' constitutional rights, Plaintiff sustained damages, including, but not limited to:

   a. Physical pain and suffering

   b. Fear

   c. Emotional distress and humiliation

   d. Medical bills

   e. Attorney's fees and costs pursuant to 42 U.S.C. §1988; and

   f. Such other relief as the Court deems appropriate.

WHEREFORE, Plaintiffs demand judgment against all Defendants in the following Prayer for Relief:

1. A ruling that the Defendants' conduct was unconstitutional;

2. Compensatory damages from the Defendants for their unlawful, wanton and depraved conduct;

3. Pursuant to 42 U.S.C. § 1988, an award of reasonable attorney fees;

4. Such other and further relief as the court deems just and proper.

## Count II – 42 U.S.C. Section 1983
## Monell – Plaintiff v. The School District Defendants

50. The allegations of all the preceding and subsequent sections and paragraphs of this Complaint are incorporated by reference as if fully set for the herein.

51. The decisions and actions of the officials of The School District Defendants as set forth herein represented and constituted the official policy and/or customs of the School District.

52. As reflected in the actions taken against Plaintiff, it was the policy, practice and/or custom of the School District and its employees to keep students with paraprofessionals who were using abusive tactics and physical force with their assigned students.

53. Prior to the events described herein, The School District Defendants developed and maintained policies, practices and/or customs exhibiting deliberate indifference to the constitutional rights of persons within the School District, which caused the violation of Plaintiff's rights; namely, The School District Defendants did not adequately require appropriate in-service training or re-training of paraprofessionals regarding the management and support of their assigned students, who were known to have engaged or who it was foreseeable would engage in civil rights violations against students to whom they were assigned.

54. Prior to the events described herein, The School District Defendants developed and maintained policies, practices and/or customs exhibiting deliberate indifference to the constitutional rights of persons within the School District, which caused the violation of Plaintiff's rights; namely, The School District Defendants did not address, prohibit, or deter romantic relationships among the staff, which interfered with the staff, including paraprofessionals from doing their jobs properly and from intervening when co-workers were not doing their jobs properly.

55. Prior to the events described herein, The School District Defendants did not properly discipline, investigate, or remedy known problems within the elementary school concerning the use of force, physical restraints, and the managing and handling of students who were known to have special needs and require skilled intervention.

56. The School District Defendants have maintained an inadequate system of review of instances of misconduct, abuse of authority, violations of students' rights by teachers, which system has failed to identify instances of abuse of authority or violations of students' rights, or to discipline, more closely supervise, or retrain paraprofessionals who abuse their authority, including the paraprofessional, Defendant Barlow, named as a party herein.

57. The School District Defendants were deliberately indifferent to the need for more or different training rules, regulations, investigations and discipline relating to

paraprofessionals' tactics, and/or use of physical force on students who were known to have special needs and require skilled intervention.

58. The foregoing acts, omissions, systemic deficiencies, practices, customs constitute the policies, practices and customs of The School District Defendants and have caused teachers and administrators of the School District, including Defendant Barlow, to violate the constitutional rights of students, including J.B.

59. The violations and injuries suffered by Plaintiffs were a foreseeable result of the policies, practices, customs and deliberate indifference of The School District Defendants, which policies, practices, and customs are so outrageous given the information then known to The School District Defendants and its employees that they rise to the level of shocking one's conscience.

60. As a direct and proximate result of, or by virtue of an affirmative link or causal nexus thereto, the aforesaid acts, omissions, deliberate indifference, systemic deficiencies, policies, practices and customs of The School District Defendants, as more fully described above, The School District Defendants violated Plaintiffs' rights under the laws and Constitution of the United States, in particular the Fourteenth Amendment thereof, in particular his right to bodily integrity, to be secure in her person, and to due process of law, all to his great detriment and loss.

61. The School District Defendants did not provide adequate training or supervision to its staff, and, in particular failed to train and supervise the paraprofessionals and administrators regarding the policies and procedures for proper procedures for

discipline and use of physical force in the classroom on students who were known to have special needs and require skilled intervention.

62. The School District Defendants have, with deliberate indifference that shocks the conscience, failed to adequately train, supervise and discipline their staff to prevent civil rights violations within the School District, and the injuries to Plaintiff were caused by, and were a foreseeable consequence of, such failure.

63. The School District Defendants have, with deliberate indifference that shocks the conscience, failed to adequately train and supervise their staff concerning the use of physical force and discipline tactics in the classroom, and the injuries to Plaintiff were caused by, and were a foreseeable consequence of, such failures.

64. As a direct and proximate result of the Defendants' violation of Plaintiffs' constitutional rights, Plaintiff sustained damages, including, but not limited to:

   g. Physical pain and suffering

   h. Fear

   i. Emotional distress and humiliation

   j. Medical bills

   k. Attorney's fees and costs pursuant to 42 U.S.C. §1988; and

   l. Such other relief as the Court deems appropriate.

WHEREFORE, Plaintiffs demand judgment against all Defendants in the following Prayer for Relief:

1. A ruling that the Defendants' conduct was unconstitutional;

2. Compensatory damages from the Defendants for their unlawful, wanton and depraved conduct;

3. Pursuant to 42 U.S.C. § 1988, an award of reasonable attorney fees;

4. Such other and further relief as the court deems just and proper.

### Count III – 42 U.S.C. Section 1983
### Bodily Integrity – All Defendants

65. The allegations of all the preceding and subsequent sections and paragraphs of this Complaint are incorporated by reference as if fully set for the herein.

66. At all times material hereto, Defendants were acting under the color of state law.

67. J.B. was a minor child enrolled in the public school at the time of the incident and she was in the care, custody and control of the Defendants when the incident occurred.

68. Defendant Barlow violated the minor-Plaintiff's Constitutional right to bodily integrity by physically abusing him in the school setting, during the school day, on school property, and while working in his role as a paraprofessional.

69. Defendants created the subject harm suffered by J.B. by creating an atmosphere where Defendant Barlow felt it was appropriate to inflict bodily harm on his student in the school setting, during the school day, on school property, and while working in his role as a paraprofessional.

70. Defendants created the subject harm suffered by J.B. by creating an atmosphere where the colleagues and/or co-workers who saw Defendant Barlow inflict bodily harm on his student in the school setting, during the school day, on school property, and while working in his role as a paraprofessional, treated the

  occurrence as just another day and failed to react, intervene, come to the aid of the child, or report Defendant Barlow to superiors.

71. As a direct and proximate result of, or by virtue of an affirmative link or causal nexus thereto, the aforesaid acts, omissions, deliberate indifference, systemic deficiencies, policies, practices and customs of Defendants, violated Plaintiff's rights under the laws and Constitution of the United States, in particular the Fourteenth Amendment thereof, in particular his right to bodily integrity, to be secure in his person, and to due process of law, all to his great detriment and loss.

72. As a direct and proximate result of the Defendants' violation of Plaintiff's constitutional rights, Plaintiff sustained damages, including, but not limited to:

  m. Physical pain and suffering

  n. Fear

  o. Emotional distress and humiliation

  p. Attorney's fees and costs pursuant to 42 U.S.C. §1988; and

  q. Such other relief as the Court deems appropriate.

WHEREFORE, Plaintiff demands judgment against all Defendants in the following Prayer for Relief:

1. A ruling that the Defendants' conduct was unconstitutional;

2. Compensatory damages from the Defendants for their unlawful, wanton and depraved conduct;

3. Pursuant to 42 U.S.C. § 1988, an award of reasonable attorney fees;

4. Such other and further relief as the court deems just and proper

### Count IV – Assault and Battery – Barlow

73. The allegations of all the preceding and subsequent sections and paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

74. Defendant Barlow placed J.B. in fear of imminent, unpermitted, unprivileged, offensive bodily contact and did, in fact, subject him to such bodily contact.

75. The acts of Defendant Barlow, as set forth above, constituted the state torts of assault and battery, all to J.B..'s great detriment, injury, and loss.

76. The conduct of Defendant Barlow was outrageous, wanton, willful and reckless.

77. As a result of the outrageous, wanton, willful, and reckless conduct of Defendant Barlow, Plaintiffs demand punitive damages against Defendant Barlow.

**Wherefore**, Plaintiffs hereby demand judgment against Defendant Barlow, for compensatory damages and all other recoverable costs and fees. Plaintiffs also demand punitive damages against Defendant Barlow.

### Count V – Intentional Infliction of Emotional Distress v. Barlow

78. The allegations of all the preceding and subsequent sections and paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

79. Defendant Barlow by extreme and outrageous conduct intentionally or recklessly caused severe emotional distress to J.B.

80. The acts of Defendant Barlow alleged in the preceding paragraphs, constitute the state tort of intentional infliction of emotional distress, all to J.B.'s great detriment and loss.

81. The conduct of Defendant Barlow was outrageous, wanton, willful and reckless.

82. As a result of the outrageous, wanton, willful, and reckless conduct of Defendant Barlow, Plaintiffs demand punitive damages against Defendant Barlow.

**Wherefore**, Plaintiffs hereby demand judgment against Defendant Barlow, for compensatory damages and all other recoverable costs and fees. Plaintiffs also demand punitive damages against Defendant Barlow.

### Jury Demand

Plaintiff demands a trial by a jury on all of the triable issues of this Complaint.

Respectfully submitted,

/s/ Susan B. Ayres
Susan B. Ayres, Esquire
Attorney for Plaintiff
**Hill & Associates, P.C.**
1700 Market Street, Suite 3150
Philadelphia, PA 19103
215-567-7600
sue@Hilljustice.com

Date: 2/5/2026